UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Claudia E. Guillen,<br><br>    Plaintiff<br>v.<br><br>Kens Foods, Inc.,<br><br>    Defendant | Case No.  2:25-cv-0632-JAD-MDC<br><br>**Order Denying Motions**<br><br>ECF Nos. 19, 23, 29 |

    Claudia E. Guillen brings this employment-discrimination lawsuit against her former employer, Kens Foods, Inc.[1]  The summons for Kens Foods was issued less than a month ago.  Earlier this week, Kens filed a motion to dismiss, arguing that Guillen's efforts to serve it with process were insufficient.[2]  Despite the fact that this case is only just beginning, Guillen has filed a "Motion for Compensatory, Statutory and Punitive Damages," essentially asking this court to skip the litigation process and enter a judgment in her favor for $1.5 million.[3]  Guillen has not cited any rule or authority to support this relief at this time.  Though her five-page motion could be liberally construed as one for summary judgment, Guillen has neither referenced nor made any effort to comply with Federal Rule of Civil Procedure (FRCP) 56 or any other rule, so the motion must be denied.

---

[1] *See generally* ECF No. 11.
[2] ECF No. 21.
[3] ECF No. 19.

Guillen has also filed a request for the entry of default against Kens.[4] FRCP 55(a) allows the court to enter the default of any party that "has failed to plead or otherwise defend."[5] Kens has not failed to defend—it filed a motion to dismiss on the same day that Guillen filed her request for the entry of default. Because Kens is not in default, Guillen's application for entry of default must be denied.

IT IS THEREFORE ORDERED that Claudia E. Guillen's motion for compensatory, statutory and punitive damages **[ECF No. 19] is DENIED**, and Kens Foods, Inc.'s request to strike that motion **[ECF No. 29] is DENIED** as moot.

IT IS FURTHER ORDERED that Claudia E. Guillen's application for entry of default **[ECF No. 23] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
September 5, 2025

---

[4] ECF No. 23.
[5] Fed. R. Civ. P. 55(a).

2